# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SHANNON VOLLING and ALLEN SPRINGER,  )
                                                                      )
        Plaintiffs,                          )
                                                                      )    Case No. 14-cv-4423
        v.                                )
                                                                      )    Judge Sharon Johnson Coleman
KURTZ PARAMEDIC SERVICE, INC.,          )
                                                                      )
       Defendant.                      )
                                                                      )

## MEMORANDUM OPINION AND ORDER

On March 9, 2015, this Court granted defendant Kurtz Paramedic Service, Inc.'s ("Kurtz") Rule 12(b)(6) motion to dismiss plaintiffs Shannon Volling and Allen Springer's ("plaintiffs") complaint. The Court held that plaintiffs failed to allege any facts to show that they satisfied their obligations to exhaust their administrative remedies for their Title VII and Illinois Human Rights Act ("IHRA") claims, and notwithstanding that deficiency, plaintiffs failed to state a claim for retaliation under Title VII. Having dismissed plaintiffs' federal claim, the Court declined to exercise supplemental jurisdiction over plaintiffs remaining state law claims under the IHRA and the Illinois Whistleblower Act. The Court nonetheless analyzed those claims and determined that they were inadequately pled. Accordingly, the complaint was dismissed with prejudice in its entirety. Plaintiffs then filed a motion to vacate, set aside or correct sentence and for leave to amend their complaint if needed. The Court construed plaintiffs' motion as one for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and for leave to file an amended complaint pursuant to Rule 15(a)(2). The motion is now fully briefed. For the reasons stated below, the motion for reconsideration is granted.

**Legal Standard**

Under Federal Rule of Civil Procedure 59(e), a district court may alter or amend a judgment "if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Miller v. Safeco Ins., Co. of America*, 683 F.3d 805, 813 (7th Cir. 2012). Rule 59(e) motions are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Id.*; *see also United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).

**Discussion**

Plaintiffs make only two arguments worthy of consideration on a Rule 59(e) motion, otherwise, plaintiffs' briefing merely re-hashes the arguments made in their response to Kurtz's motion to dismiss. Plaintiffs contend that the Court erred by "ignoring" what plaintiffs claim is "applicable Supreme Court precedent," and by not allowing plaintiffs leave to amend their complaint to cure the deficiencies identified by the Court. The Court will address these arguments in turn.

Plaintiffs argue that *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), is applicable to their Title VII retaliation claim. Quite contrary to plaintiffs' belief, *Burlington Northern* is not applicable here. Plaintiffs contend that *Burlington* sets some new standard for evaluating retaliation claims, specifically that a "plaintiff need only show that the challenged action was materially adverse, "which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.""" (Pl. Br. at 3, citing *Burlington Northern*, 548 U.S. at 68.) Plaintiffs then argue that solely because a

refusal to hire "plainly meets" the standard they have plausibly pled a claim for relief. Plaintiffs, however, plainly misunderstand the issue decided in *Burlington* and its holding.

In *Burlington*, the plaintiff filed a Title VII complaint claiming that her employers' actions, changing her job responsibilities and suspending her for 37 days without pay, amounted to unlawful retaliation. After a jury trial, the district court entered judgment in favor of the plaintiff and awarded her damages. The judgment was ultimately affirmed by the en banc Sixth Circuit, with its members differing as to the proper standard to decide "whether the challenged action has to be employment or workplace related and [ ] how harmful that action must be to constitute retaliation." *Id*. at 60. Recognizing the Circuit split embodied by the Sixth Circuit's divided members, the Supreme Court granted certiorari to resolve the disagreement. The issues before the Court were "whether Title VII's antiretaliation provision forbids only those employer actions and resulting harms that are related to employment or the workplace … [a]nd … how harmful an act of retaliatory discrimination must be in order to fall within the provision's scope." *Id.* at 61. The Court's charge was to set the standard for determining the sort of retaliation that Title VII protects, only that which "produces an injury or harm." *Id.* at 67; *see also Id.* at 70 ("we believe this standard will screen out trivial conduct while effectively capturing those acts that are likely to dissuade employees from complaining or assisting in complaints about discrimination").

The Supreme Court ultimately concluded that "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse." *Id.* at 68. However, this standard is not relevant or necessary to this Court's determination of Kurtz' motion to dismiss. Kurtz has not argued and this Court would not seriously entertain the claim that failure to hire is not an action that is sufficient to constitute retaliation under Title VII. Indeed, courts have held

that retaliatory failure-to-hire is an actionable claim. *See, e.g. Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 812 (7th Cir. 2005). The issue here is whether plaintiffs have adequately pled a claim for retaliation under Title VII. To do so, a plaintiff must allege (1) that she engaged in a legally protected activity, (2) she suffered an adverse employment action, and (3) a causal connection between the protected activity and the adverse action. *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). Further, in the retaliatory failure to hire context, to establish an adverse employment action a plaintiff must also allege, *inter alia*, that she applied for and had the technical qualifications for the position sought. *Cichon*, 401 F. 3d at 812. Noticeably, in all if its briefing plaintiffs fail point to any analysis or reasoning in *Burlington*, the Seventh Circuit, or any other Circuit, that this paradigm for evaluating retaliation claims has shifted to some new "broader standard." This Court made no reference to *Burlington* in its opinion because, as noted above, the case is simply irrelevant. It has no bearing on this Court's analysis of Kurtz's motion to dismiss plaintiffs' failure to hire claims.[1] Accordingly and for all the reasons stated in its initial opinion, this Court properly dismissed plaintiffs' complaint.

Additionally, the Court notes plaintiffs' claim that the Court made improper inferences in favor of Kurtz and did not make "reasonable" inferences on their behalf. Plaintiffs' contention is misplaced. The fact is that plaintiffs failed to plead critical elements of their claims. For example, in the retaliatory failure to hire context, a plaintiff must allege that she applied for and had the technical qualifications of the position sought. The complaint is completely void of such allegations. Accordingly, there is no material in the complaint upon which the Court could draw any inferences on plaintiffs' behalf. While certainly, allegations are viewed in the light most favorable to the plaintiff – a plaintiff still has the burden to plead all elements of her claims in the

---

[1] If anything, *Burlington* speaks to whether a failure to hire is an adverse employment action, but as noted above, that issue does not warrant debate.

first instance. The Court is not required to take a plaintiff's bare-bones allegation or conclusory recital and "infer" the essential elements of her claim.

The Court concludes that plaintiffs have not pointed to anything in the record that clearly establishes a manifest error of law or fact. However, the Court recognizes the Seventh Circuit's recent decisions instructing district courts to strongly consider allowing plaintiffs an opportunity to re-plead when their complaints are deficient, as is the case here. *See, e.g., Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 518-22 (7th Cir. 2015). Accordingly, the Court will allow plaintiffs to file an amended complaint to cure the deficiencies identified, but cautions, without prejudging the case, that the arguments and facts in plaintiffs' briefings appear futile in that they would not survive a motion to dismiss.

**Conclusion**

For the foregoing reasons, plaintiffs' motion for reconsideration [43] is granted. The judgment entered on March 9, 2015, is hereby vacated. Plaintiffs are permitted 21 days to file an amended complaint, otherwise their complaint will be dismissed with prejudice.

SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: July 10, 2015